UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEROME MCNABB | CIVIL ACTION |
| VERSUS | |
| AEGIS SECURITY INSURANCE COMPANY | NO. 23-00861-BAJ-RLB |

### RULING AND ORDER

On August 25, 2023, Plaintiff filed this suit seeking recovery for property damages suffered during Hurricane Ida. On February 21, 2024, Defendant filed a **Motion to Dismiss for Failure to State a Claim (Doc. 16, the "Motion")** pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's case should be dismissed because it issued no policy to Plaintiff. The Motion is unopposed. For the reasons that follow, the Motion will be granted.

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "[F]acial plausibility" exists "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). When conducting its inquiry, the Court must "accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quotation marks omitted).

Here, Plaintiff sued Defendant for damages to a property sustained during Hurricane Ida on August 29, 2021. (Doc. 1). In its Motion, Defendant argues that it did not issue the property's homeowner's insurance coverage policy in effect during the storm. (Doc. 16-1 at 1–2). Instead, the policy in effect at the time was issued by Homesite Insurance Company, as demonstrated by the certified copy of the policy attached to Defendant's Motion. (*See* Doc. 16-3 at 2 ("In order to continue providing you with the best value for your insurance needs, your upcoming renewal policy will be underwritten by Homesite Insurance Company . . . and not your current carrier, Aegis Security Insurance Company.")). Upon discovering this information, counsel for Defendant contacted Plaintiff's counsel numerous times requesting that Plaintiff seek to amend his Complaint to reflect the proper defendant. These efforts were in vain.

Because Defendant did not issue the insurance policy in effect at the time of the damage allegedly sustained by Plaintiff's property, Plaintiff has failed to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678. Additionally, the Court's Local Rules require that a party support his or her arguments with "concise

2

statement[s] of reasons . . . and citations of authorities." Local Rule 7(d). "[T]his Court has [also] repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf." *Johnson v. Cooper T. Smith Stevedoring Co., Inc.*, 610 F. Supp. 3d 867, 873 (M.D. La. 2022), *aff'd*, 74 F. 4th 268 (5th Cir. 2023) (citing *N. Frac Proppants, LLC v. Regions Bank, NA*, No. 19-cv-00811, 600 F. Supp. 3d 644, 655 n. 9 (M.D. La. Apr. 29, 2022) (citing authorities)). Based on the pleadings before the Court, Defendant did not insure Plaintiff's property, and therefore Defendant's Motion will be granted.

Defendant seeks dismissal with prejudice of Plaintiff's claims. Rule 15(a) dictates that the Court should generally allow amendment before dismissing a claim with prejudice, unless amendment clearly would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable"). Under these circumstances, the Court will dismiss without prejudice, affording Plaintiff an opportunity to timely seek leave to amend his complaint. *See Marshall v. LeBlanc*, No. CV 18-13569, 2020 WL 2085535, at *1 (E.D. La. Apr. 30, 2020) ("[T]he Fifth Circuit has stated that '[g]ranting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim.'" (quoting *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 179–180 (5th Cir. 1977)))

Accordingly,

3

**IT IS ORDERED** that Defendant Aegis Security Insurance Company's Motion to Dismiss for Failure to State a Claim (Doc. 16) be and is hereby **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claims be and are hereby **DISMISSED WITHOUT PREJUDICE**.

Judgment shall issue separately.

Baton Rouge, Louisiana, this 24th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**